NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY J. YOX, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PROVIDENCE HEALTH PLAN, <br><br> Defendant-Appellant. | No.  14-35127 <br><br> D.C. No. 3:12-cv-01348-HZ <br><br> MEMORANDUM* |
| KELLY J. YOX, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PROVIDENCE HEALTH PLAN, <br><br> Defendant-Appellee. | No.  14-35144 <br><br> D.C. No. 3:12-cv-01348-HZ |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted July 5, 2016
Portland, Oregon

---

 *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

Providence Health Plan (Providence) appeals from the district court's summary judgment in favor of Kelly Yox. After a seizure-induced fall fractured her jaw, Yox's group health plan (the Plan) covered the costs for initial surgeries. The Plan was funded and administered by Providence under the Employee Retirement Income Security Act of 1974 (ERISA). Yox sought, but was denied, preauthorization for additional trauma-related dental services under the Plan. The district court held that Providence had abused its discretion in denying this preauthorization request and that Yox's agreement to have her denial reviewed by an Independent Review Organization (IRO) did not constitute an agreement to arbitrate. On cross-appeal, Yox argues that the district court erred in finding that the scope of her claim was limited to Yox's initial preauthorization request. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** We review de novo whether a party has waived the right to sue by agreeing to arbitration under the Federal Arbitration Act (FAA). *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006). We look to state law to supply the meaning of the term "arbitration" for the purposes of the FAA. *See Portland Gen. Elec. Co. v. U.S. Bank Tr. Nat'l Ass'n*, 218 F.3d 1085, 1086, 1091

2

(9th Cir. 2000). Because Oregon law provides little guidance regarding whether the Plan's IRO constitutes arbitration, *see* O.R.S. § 36.110(1), the district court was correct in relying on the Supreme Court's analysis of a similar independent review statute. *See Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 382–83 (2002). In *Rush*, the Court analyzed an Illinois statute that guaranteed patients an independent and binding medical review of claims denied for not being "medically necessary." *Id.* at 361. The Court stated that the Illinois review process was "significantly different from common arbitration" and looked "like a practice (having nothing to do with arbitration) of obtaining another medical opinion." *Id* at 382–83. The Oregon IRO is largely indistinguishable from the one addressed in *Rush*. Thus, the district court did not err in finding that the IRO at issue here, like the one analyzed in *Rush*, was not an arbitration enforceable under the FAA.

**2.** "[W]e review a district court's choice and application of the appropriate standard for reviewing benefits decisions by an ERISA plan administrator de novo." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009) (internal quotation marks omitted). Where, as here, the plan administrator is granted discretionary authority to determine benefits eligibility and to construe plan terms, the administrator's decision is generally reviewed for abuse of

discretion. *Id.* at 629–30; *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971–72 (9th Cir. 2006) (en banc).

We will customarily uphold an administrator's decision if it is "grounded on *any* reasonable basis." *Montour*, 588 F.3d at 629 (internal quotation marks omitted). This deference is tempered where, as here, the plan administrator has a structural conflict of interest, being the entity that both funds and administers the benefits plan. *See Abatie*, 458 F.3d at 965; *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 675 (9th Cir. 2011). Other case-specific factors heighten our judicial scrutiny of an administrator's benefits decision, including procedural irregularities, the quality and quantity of the medical evidence, and the administrator's reliance on a paper review of the claimant's medical records. *Abatie*, 458 F.3d at 972; *Montour*, 588 F.3d at 630.

The district court did not err in holding that Providence abused its discretion. First, Providence did not follow important procedural requirements. Providence failed to adequately notify Yox of her right to bring a civil action under ERISA § 502(a). *See* 29 C.F.R. § 2560.503-1(g)(1)(iv) and (j)(4). Providence also failed to consult a professional with "appropriate training and experience in the field of medicine involved in the medical judgment." *See* 29 C.F.R. § 2560.503-

4

1(h)(3)(iii). Ignoring these regulations "contravenes the purpose of ERISA" and weighs in favor of finding an abuse of discretion. *Abatie*, 458 F.3d at 974.

Second, Providence did not meet its procedural obligations to Yox in assessing the substance of her claim. Providence continually asserted that Yox's treatment was dental rather than medical, but provided no evidentiary basis for its decision beyond this conclusory statement. Although Yox failed to schedule the in-person dental review Providence requested, Providence failed to consult with adequately trained professionals when analyzing Yox's preauthorization request. *See, e.g.*, *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1122–23 (9th Cir. 1998). Moreover, Providence arbitrarily refused to address the clinical evaluation submitted by Yox's treating dentist. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). When Providence did address the evaluation provided by another dentist, it discounted the dentist's opinion as "insufficient" without further explanation. Providence's conclusory opinion does not satisfy its duty under ERISA. *See Salomaa*, 642 F.3d at 680 ("An administrator does not do its duty under the statute and regulations by saying merely 'we are not persuaded' or 'your evidence is insufficient.'").

Third, Providence's structural conflict of interest appears to have played a

role in its decision. Providence consistently failed to credit Yox's reliable evidence, failed to consult with professionals adequately trained to assess Yox's request, and failed to explain the evidentiary basis for its decision. *See Abatie* 458 F.3d at 968–69. Because of this manifest conflict of interest, we must view Providence's decision with heightened skepticism; it is simply not enough for us to "scan[] the record for medical evidence supporting" Providence's decision, even if such evidence exists. *Montour*, 588 F.3d at 630. The district court did not err in factoring Providence's conflict of interest into its abuse of discretion analysis.

The district court correctly found that these procedural, substantive, and structural issues, although alone not dispositive, together support a finding that Providence abused its discretion.

**3.** The district court properly held that the scope of Yox's claim does not include the expanded services she requested after starting her internal appeal. Providence never had a chance for first review of the additional claim, because the appeals process addresses only the scope of the initial denial. That Providence did not change its appeals process to include Yox's expanded claim is not arbitrary, nor does it conflict with the plain language of the Plan. *See Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 960 (9th Cir. 2001).

**AFFIRMED.**

*Yox v. Providence Health Plans*, Nos. 14-35127, 14-35144

BEA, Circuit Judge, dissenting:

I agree with the majority that the district court did not err in finding that the IRO at issue here was not an arbitration enforceable under the FAA. In addition, I agree that the district court properly held that the scope of Yox's claim does not include the expanded services she requested after starting her internal appeal. Unlike the majority, however, I would hold that the district court erred in holding that Providence had abused its discretion in denying Yox's claim.

First, the majority asserts that Providence did not follow various procedural requirements. According to the majority, Providence failed adequately to notify Yox of her right to bring a civil action under ERISA § 502(a). Although Providence's benefits determination letters did not include a statement of her right to bring an action under ERISA § 502, I would hold that Providence nonetheless adequately complied with its procedural obligations. Yox's Plan documents stated that the Plan was governed by ERISA, the claim denials stated that Yox had the right to internal appeal and independent review of her claim, and the Plan documents stated that she was entitled to file suit in state or federal court concerning any denied claim for benefits as a beneficiary under an ERISA plan.

The majority also asserts that Providence failed to consult a professional

1

with "appropriate training and experience in the field of medicine involved in the medical judgment." *See* 29 C.F.R. § 2560.503-1(h)(3)(iii). However, the issue underlying Yox's claim was not the diagnosis of Yox's dental condition, but rather whether the evidence Yox submitted indicated that her fall caused her dental problems. This issue of cause and effect did not require specialized dental knowledge.

Second, the majority asserts that Providence did not meet its procedural obligations in assessing the substance of Yox's claim. The majority asserts that Providence provided no evidentiary support for its decision beyond the conclusory statement that Yox's treatment was dental rather than medical. However, the internal documentation associated with both the initial denial and the first level appeal denial noted that the extensive dental problems that Yox experienced were not caused by the mandibular traumatic fracture, but rather preexisted her fall. Stating that Yox's dental condition was not caused by the trauma is not a conclusory statement, but a factual finding. This finding of no causation is supported by the record.

Furthermore, the majority asserts that Providence arbitrarily refused to address the clinical evaluation that was submitted by Yox's treating dentist. Under ERISA, however, administrators need not "credit the opinions of treating

2

physicians over other evidence relevant to the claimant's medical condition."
*Black & Decker Disability Plan*, 538 U.S. at 825. Moreover, ERISA imposes no "discrete burden of explanation when [plan administrators] credit reliable evidence that conflicts with a treating physician's evaluation." *Id.* at 834. Here, Providence's disagreement with Yox's treating dentist was not arbitrary. Yox's medical records indicated widespread tooth decay and various periodontal conditions existed before her fall. Providence had a rational basis to disagree with the conclusions of Yox's treating dentist.

Third, the majority asserts that Providence's structural conflict of interest played a role in its decision, basing this conclusion on Providence's failure to credit Yox's reliable evidence, failure to consult with adequately trained professionals, and failure to explain the evidentiary basis for its decision. For the reasons explained above, I disagree with each of these bases for the majority's conclusion. There is no evidence that Providence's structural conflict of interest improperly influenced its decision. Accordingly, there is no reason to give additional weight to this factor.

I would thus hold that the district court erred in holding that Providence had abused its discretion in denying Yox's claim. I therefore respectfully dissent.